UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY J. MCKENDALL,**          **CIVIL ACTION**
    Plaintiff

**VERSUS**                       **No.   11-2964**

**U.S. ARMY CORPS OF ENGINEERS**  **SECTION "E"**
**NEW ORLEANS DISTRICT**
    Defendant

**ORDER**

The Court is in receipt of the motion for summary judgment filed by Plaintiff, Larry J. McKendall ("Plaintiff").[1] Plaintiff seeks summary judgment on several claims that are not pled in Plaintiff's amended complaint.[2] For example, Plaintiff argues that summary judgment is appropriate on his fraud claim but no fraud claim has been pled. The Court recognizes that Plaintiff is proceeding *pro se*. Nevertheless, before Plaintiff may seek summary judgment on a claim, such claim must be specifically pled in Plaintiff's complaint. In the interests of justice, the Court will afford Plaintiff **one** final opportunity to file an amended complaint setting forth **all** of his claims so that Defendant, U.S. Army Corps of Engineers, New Orleans District (the "Corps"), is properly on notice of every claim for which he seeks relief.

The Corps has filed a motion to dismiss Plaintiff's amended complaint pursuant to

---

[1] R. Doc. 30.

[2] R. Doc. 20. Plaintiff's amended complaint alleges a tort claim, pursuant to the Federal Tort Claims Act, and a breach of contract claim.

1

Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3] The Court will dismiss the Corps' motion as moot at this time. The Corps may reurge its motion to dismiss to address Plaintiff's additional claims after Plaintiff files his second amended complaint.

Finally, Plaintiff also has filed a motion for a preliminary injunction.[4] The decision to grant or deny a preliminary injunction lies within the sound discretion of a U.S. District Court. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "Any injunctive relief is considered 'an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.' " *Harris Cty. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood that the movant will ultimately prevail on the merits[5]; (2) a substantial threat that the movant will suffer irreparable injury if the preliminary injunction is denied; (3) that the potential injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that granting the preliminary injunction will not disserve the public interest. *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). Plaintiff has not addressed these four elements and also now advances additional claims he has not pled. Consequently, he has not made the necessary showing in order to be afforded injunctive relief. As a result, the Court, in its discretion, declines to grant Plaintiff injunctive relief at

---

[3] R. Doc. 21.

[4] R. Doc. 10. The Court also permitted Plaintiff to supplement the record with additional documents regarding his motion for a preliminary injunction. *See* R. Docs. 19 and 30. The Corps opposes Plaintiff's motion. R. Doc. 14.

[5] And what Plaintiff must show in order to demonstrate a substantial likelihood that he will ultimately prevail on the merits necessarily turns on exactly what claims Plaintiff has pled.

this time.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a second amended complaint setting forth **all** of his claims with particularity no later than **April 26, 2013**. This is Plaintiff's final opportunity to amend his complaint. The Court will not consider any additional claim that Plaintiff fails to plead in his second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **DENIED WITHOUT PREJUDICE**.[6] Plaintiff may reurge his motion for summary judgment, no later than **May 27, 2013**, provided he complies with the Court's order to file a second amended complaint.

**IT IS FURTHER ORDERED** that the Corps' motion to dismiss is **DISMISSED AS MOOT**.[7] The Corps may reurge its motion to dismiss after Plaintiff files his second amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction is **DENIED WITHOUT PREJUDICE**.[8]

**New Orleans, Louisiana, this 29th day of March, 2013.**

                                          _____
                                             **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 30.

[7] R. Doc. 21.

[8] R. Doc. 10.