# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY J. MCKENDALL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2964** |
| **U.S. ARMY CORPS OF ENGINEERS NEW ORLEANS DISTRICT** | **SECTION "E" (2)** |

## ORDER & REASONS

The Court has pending before it Defendant's Motion to Dismiss.[1] Having considered Plaintiff Larry J. McKendall's response, his original and amended complaints, the record, and the law, the Court now issues this order and reasons dismissing his claims without prejudice for lack of subject matter jurisdiction

## BACKGROUND

On December 2, 2011, Plaintiff, proceeding *pro se*, filed a handwritten complaint against the United States Army Corps of Engineers New Orleans District ("Defendant").[2] He alleges an on-the-job injury in 2001 and attributes his denial of worker's compensation to racial discrimination, for which he filed an EEO claim in 2002.[3] He also alleges a subsequent 2006 on-the-job back injury that resulted in an appeals hearing and a December 1, 2010 decision by the Employees' Compensation Appeal Board.[4]

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction

---

[1] R. Doc. 33.

[2] R. Doc. 1.

[3] *Id.* at 1-2.

[4] *Id.* at 2-3, 25-29

based on sovereign immunity.[5] On September 11, 2012, the Court issued an order denying the motion to dismiss but ordering Plaintiff to file an amended complaint.[6] Plaintiff complied[7] and Defendant again moved to dismiss for lack of subject matter jurisdiction.[8] Plaintiff responded with a motion for partial summary judgment and attached various documents.[9] The Court denied Plaintiff's motion for partial summary judgment because it included claims that Plaintiff had not pleaded in his amended complaint.[10] The Court also denied Defendant's motion and allowed Plaintiff "**one** final opportunity to file an amended complaint setting forth **all** of his claims so that Defendant . . . is properly on notice of every claim for which he seeks relief."[11] The Court specifically notified Plaintiff this was his "final opportunity to amend his complaint" and it would "not consider any additional claim that Plaintiff fails to plead in his second amended complaint."[12]

In response, Plaintiff filed a "Motion for Leave of Court to Submit a Notice of Submission to Amended my Complaint to State the Reasons for My Claim," which the Court will treat as his second amended complaint.[13] Reading that document generously, Plaintiff

---

[5] R. Doc. 8.

[6] R. Doc. 16.

[7] R. Doc. 20.

[8] R. Doc. 21.

[9] R. Doc. 30.

[10] R. Doc. 31.

[11] *Id.* at 1.

[12] *Id.* at 3.

[13] R. Doc. 32

asserts claims arising out of (1) denial of equal access to worker's compensation, (2) fraud against himself and Aetna insurance, (3) breach of an EEO discrimination settlement, and (4) negligence on the part of the Army Corps that resulted in a 2006 on-the-job back injury. It is this amended complaint that Defendant now moves to dismiss for lack of subject matter jurisdiction.[14]

## STANDARD OF LAW

### I. Rule 12(b)(1)

A motion to dismiss filed pursuant to Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject-matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in another forum." *Advocacy Ctr. for the Elderly & Disabled v. La. Dep't of Health & Hosp.*, 731 F. Supp. 2d 583, 588 (E.D. La. 2010) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

## ANALYSIS

The United States and its agencies are immune to suit except to the extent that

---

[14] R. Doc. 33.

sovereign immunity has been waived. *E.g.*, *La. Dep't of Environmental Quality v. EPA*, 730 F.3d 446, 448 (5th Cir. 2013). Thus, this Court is without jurisdiction unless there is some specific waiver of immunity to the claims Plaintiff attempts to assert against Defendant. *See id.* It is Plaintiff's burden to demonstrate that this Court has jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court has reviewed Plaintiff's numerous documents and, even construing them liberally in light of Plaintiff's pro se status, agrees with Defendant that Plaintiff has articulated or suggested no applicable waiver of sovereign immunity.

### A.     Federal Employees Compensation Act ("FECA")

Plaintiff asserts denial of access to workers' compensation for workplace injuries. This allegation implicates the Federal Employees Compensation Act, which provides compensation "for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." 5 U.S.C. § 8102(a). The record suggests that Plaintiff has availed himself of an appeals process, culminating in a ruling by the Department of Labor Employees' Compensation Appeal Board. But the actions of "the Secretary [of Labor] or his designee in allowing or denying a payment" are "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b); *cf. Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 779-80 n.13 (1985) (describing § 8128(b) as "unambiguous and comprehensive" bar of judicial review). Plaintiff has identified no waiver of sovereign immunity for or other basis for judicial review of this FECA-based claim, nor has he alleged a "substantial constitutional wrong" which might give rise to jurisdiction. *Harvey v. Potter*, 202 F. App'x 2, 4 (5th Cir. 2006).

**B.     EEO Claim**

At various times in these proceedings Plaintiff has sought to reopen his EEO case or settlement.[15] Title VIII requires exhaustion of administrative remedies as well as timely suit within ninety days of receipt of the Commission's final decision on appeal. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407. The undisputed record in this matter establishes that Plaintiff filed an EEO complaint in August 2002, which was settled in 2003.[16] In 2006, Plaintiff filed a complaint alleging that the settlement had been breached; that complaint was denied on August 4, 2008.[17] Plaintiff filed this suit on December 2, 2011, over three years after notification of that final decision and thus after his ninety-day window for bringing a Title VII suit had closed. Accordingly, this claim must be dismissed as well.[18]

**C.     Federal Tort Claims Act.**

Plaintiff apparently complains of a 2006 back injury caused by Defendant's negligence. Assuming he is pursuing tort remedies for this injury, his exclusive remedy is the Federal Tort Claims Act. 28 U.S.C. § 2679. But before bringing an FTCA claim, a plaintiff must first exhaust his administrative remedies by presenting the claim to the

---

[15]     R. Docs. 1 at 3; 32 at 1-2.

[16]     R. Doc. 8-2 at 20.

[17]     R. Doc. 8-2 at 29-32

[18]     Whether or not this defect is jurisdictional, dismissal without prejudice is warranted because Plaintiff has failed to exhaust his administrative remedies and makes no waiver or estoppel argument. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (declining to decide whether Title VII administrative exhaustion "is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction").

appropriate agency. 28 U.S.C. § 2675. Failure to exhaust those administrative remedies deprives this Court of subject matter jurisdiction over an FTCA claim. *See id.*; *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013). Plaintiff has not alleged or argued that he has presented a tort claim to any federal agency as required by the FTCA, and Defendant submits an affidavit representing that no such claim appears in its records.[19] Accordingly, any claim he may be attempting to bring under the FTCA is premature and barred by sovereign immunity.

Plaintiff's response to the motion for summary judgment and his supplemental memorandum do not change the conclusion that all of his claims must be dismissed. His cursory allegation that Defendant's actions were "wilfully done, wrongful, malicious and illegal" does not constitute a basis for finding a waiver of sovereign immunity, nor does his "physical condition" excuse his three-year delay in attempting to appeal the EEO decision.[20] Even construing his submissions liberally, the Court can identify no other legal basis for avoiding dismissal at this time.

## CONCLUSION

For the foregoing reasons, the Court can identify no basis for subject matter jurisdiction over any claim Plaintiff has against Defendant the Army Corps of Engineers New Orleans Division. Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

---

[19] R. Doc. 21-2 at 1.

[20] R. Doc. at 35.

**New Orleans, Louisiana, this 11th day of February, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**